**Robert MONDIK and Janice Mondik, Plaintiffs,**

**v.**

**Constantine A. DiSIMO, and International Album Program, Inc., a/k/a International Advertised Products, Defendants.**

**Civ. A. No. 74–703.**

United States District Court, W. D. Pennsylvania.

Dec. 16, 1974.

Stephen P. Swem, Pittsburgh, Pa., for plaintiffs.

Jack H. Kudzma, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiffs purchased from Defendants a photo album plan under a "retail installment contract". Under the contract plaintiffs agreed to purchase the plan at a cost of $149.95. Plaintiffs paid a cash down payment of $51.90 which left an unpaid balance of $98.05. The contract indicated that additional charges of $9.00 for sales tax and $6.95 for "delivery and packing charges" would bring the total unpaid balance to the sum of $114.00. This sum, designated in the contract as the "amount financed", was to be paid in four equal monthly installments.

We have already determined in our memorandum order of October 17, 1974 that no credit disclosures are here required by the Truth in Lending Act, 15 U.S.C. § 1601 et seq., as a result of the contract provision that the "amount financed" be liquidated in up to four installments following the down payment. The only remaining ground on which plaintiffs claim that credit disclosures are required by the Truth in Lending Act is that the "delivery and packing charges" here imposed fall within the definition of "finance charge" under the Act. Defendants have moved for Summary Judgment on this issue, relying on the statutory definition of "finance charge" and a stipulation of the parties.

15 U.S.C. § 1605(a) defines a "finance charge" as a charge "payable directly or indirectly by the person to whom the credit is extended, and *imposed* directly or indirectly by the creditor *as an incident to the extension of credit*." (emphasis supplied). Counsel have stipulated that the "delivery and packing charges" imposed on plaintiffs are imposed on all purchasers of the album plan, without regard to whether the purchase was made by an immediate cash payment of the full purchase price or in two or more payments over a period of time. We believe that § 1605(a) requires that there exist some tying relationship between the imposition of a charge and the extension of credit for such a charge to constitute a "finance charge". We can see no other reasonable interpretation of the words we have emphasized in the definition above, and we hold, therefore, that the "delivery and packing charges" imposed here did not constitute a "finance charge". Credit disclosures were not required under the Truth in Lending Act.

This holding is not to be construed, however, as supportive of the proposition that where the cash and credit prices of a purchase are identical, it cannot be shown that a finance charge was imposed. In Joseph v. Norman's Health Club, Inc., 336 F.Supp. 307, 316–317, [E.D.Mo.1971] and in Strompolos v. Premium Readers Service, 326 F.Supp. 1100, 1103 [N.D.Ill.1971], the courts found that such identity of contract sale prices was not conclusive on the issue of the existence of a finance charge. In both cases, however, it was determined that the number of installments, rather than the existence of a finance charge, was the issue on which the necessity for disclosures rested.

Plaintiffs' response to defendants' motion for summary judgment raises the objection that "there is a genuine issue of fact" as to the weight to be given by the court to defendants' reliance on Federal Reserve Board publications in the preparation and use of the retail sales contract here in question. The parties have stipulated that defendants did rely on "all current publications of the Federal Reserve Board . . . in preparing their retail installment contract and advising sales personnel as to its use."

Plaintiffs' response is insufficient to prevent the granting of defendants' motion for summary judgment for two reasons. First, should the court have considered the fact of reliance material, the effect of such fact would be a

question of law and not of fact. Second, the holding here does not in any way depend on defendants' reliance on such publications. To preclude the granting of a motion for summary judgment, the responding party must show the existence of a material issue of fact.

■ Defendants' reliance on advice of counsel, i. e. reliance on special releases of opinions of counsel for the Federal Reserve Board, might be considered as a matter of defense if the court found that the statute or the regulations were violated. But since we find that in the present case there has been no violation of the Truth in Lending Act by the inclusion of the "delivery and packing charge", there is no need to consider the defense of reliance on advice of counsel.

### ORDER

And now this 16th day of December, 1974, in accordance with the foregoing Opinion, Defendants' Motion for Summary Judgment is hereby granted, and Judgment is entered for Defendants.